457 S.E.2d 123

McJUNKIN CORPORATION, Plaintiff Below, Appellant,

v.

WEST VIRGINIA DEPARTMENT OF TAX AND REVENUE and Alan L. Mierke, Acting State Tax Commissioner, Defendant Below, Appellee.

No. 22230.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 18, 1995.

Decided March 24, 1995.

Gordon C. Lane, Bowles, Rice, McDavid, Graff & Love, Charleston, for appellant.

Darrell V. McGraw, Jr., Atty. Gen., Barry L. Koerber, Asst. Atty. Gen., Charleston, for appellee.

FRED L. FOX, II, Judge:[1]

 The corporate income tax issue raised in this case involves the administrative interpretation of statutory language which sets forth the West Virginia net operating loss deduction.

In 1988, the West Virginia Legislature enacted legislation which recognized a West Virginia net operating loss deduction for the first time. West Virginia Code § 11–24–6(d) (1988) provides:

(d) *Net operating loss deduction.*—Except as otherwise provided in this subsection, there shall be allowed as a deduction for the taxable year an amount equal to the aggregate of (1) the West Virginia net operating loss carryovers to such year plus (2) the net operating loss carrybacks to such year. For purposes of this subsection, the term "West Virginia net operating loss deduction" means the deduction allowed by this subsection, determined in accordance with section 172 [26 U.S.C. § 172] of the Internal Revenue Code of 1986, as amended.

(1) Special Rules:

(A) When the corporation further adjusts its federal taxable income under section 7 [§ 11–24–7] of this article, the West Virginia net operating loss deduction allowed by this subsection (d) shall be deducted after the section seven adjustments are made;

(B) The tax commissioner shall prescribe such transition regulations as he deems necessary for fair and equitable administration of this subsection as amended by this act [Acts 1988, c. 119].

(2) Effective date.—The provisions of this subsection (d), as amended by this act [Acts 1988, c. 119], shall apply to all taxable years ending after the thirtieth of June, one thousand nine hundred eighty-eight; *and to all loss carryovers from taxable years ending on or before said thirtieth day of June.* (Emphasis added.)

Section 172 of the Internal Revenue Code permits a taxpayer to carry over or carry back net operating losses (NOL) incurred in one taxable year—referred to as the "loss year"—to offset net income in previous and future taxable years. A net operating loss deduction can be carried back for three years and carried forward for up to fifteen years. The "net operating loss deduction" for a year is the aggregate of the net operating loss carryovers to the year plus the net operating loss carrybacks to the year. IRC § 172(a). A "net operating loss" is defined in Internal Revenue Code § 172(c) as the excess of deductions allowed over gross income, computed with certain modifications specified in Internal Revenue Code § 172(d).[2]

The appellant, McJunkin Corporation, filed a 1988 West Virginia Corporate Net Income Tax (WVCNIT) Return which included a West Virginia net operating loss deduction. On this return, McJunkin reported a NOL of $1,450,138.00 for tax year 1985, $1,239,485.00 for tax year 1986, and $161,445.00 for tax year 1987. McJunkin offset its 1988 taxable income with these loss carryovers and requested a $105,000.00 refund on its 1988 return.

---

**1.** Pursuant to an administrative order entered by this Court on 18 November 1994, the Honorable Fred L. Fox, II, Judge of the Sixteenth Judicial Circuit, was assigned to sit as a member of the West Virginia Supreme Court of Appeals commencing 1 January 1995 and continuing through 31 March 1995, because of the physical incapacity of Justice W.T. Brotherton, Jr. On 14 February 1995 a subsequent administrative order extended this assignment until further order of said Court.

**2.** *See* J. Michael Yarborough, *State Income Tax Treatment of NOL Carryovers: A Framework for Analysis,* 10 J.St.Tax'n 1, 5 n. 5 (1991).

In a letter dated 12 October 1989, the West Virginia State Tax Department (Tax Department) denied the refund and explained its reasons as follows:

> The West Virginia net operating loss which is allowable is $161,445. For 1985 and 1986, there was a net operating profit on the federal level. The West Virginia loss was incurred by West Virginia modifications only. These losses are not available for carryforward or carryback. They are for that one year only.

Thus, because McJunkin did not have net operating losses for federal income tax purposes in 1985 and 1986, it could not claim West Virginia net operating losses for these years as deductions on its 1988 WVCNIT return.

On 19 October 1989, McJunkin filed a petition for review, requesting the Tax Department reconsider its denial of the carryforward of the West Virginia NOL for 1985 and 1986. A hearing was held before the Office of Hearings and Appeals of the West Virginia Department of Tax and Revenue on 23 January 1991. The Tax Department ruled against McJunkin on 2 March 1992. The Tax Department held that W.Va.Code § 11–24–6(d) (1988) does not apply to the computation of NOL carryovers arising from taxable years ending on or before 30 June 1988. The Tax Department also held that under the former statute, W.Va.Code § 11–24–6(d) prior to its 1988 amendment, a NOL carryforward or carryback could not arise under West Virginia corporate net income tax laws unless a federal NOL existed.

McJunkin appealed this administrative decision to the Circuit Court of Kanawha County, West Virginia. In a final order dated 30 September 1993, the lower court affirmed the Tax Commissioner's decision, concluding "the decision of the Tax Commissioner is neither clearly wrong with respect to the facts of this case, nor contrary to applicable law."

On appeal, McJunkin now argues (1) the court below erred in concluding that the changes made to W.Va.Code § 11–24–6(d) by Chapter 119 of the 1988 Acts of the West Virginia Legislature do not apply to a loss carryover from years ending prior to 30 June 1988; and (2) the court below erred in con-

cluding that under the old W.Va.Code § 11–24–6(d), prior to the 1988 amendments, a federal net operating loss was necessary in order to have a NOL carryback or carryforward under West Virginia corporate net income tax laws.

McJunkin disputes the Tax Department's interpretation of the amended statute at W.Va.Code § 11–24–6(d) (1988) and argues that for tax years ending after 30 June 1988, a business can recalculate all losses disregarding the former requirement of a federal NOL. According to McJunkin, "[t]he *clear and unambiguous* language of the WV New Law, WV Code 11–24–6(d)(2), clearly states that the WV New Law applies to loss carryovers from years ending prior to June 30, 1988 . . . it is difficult to imagine a provision being more clear."

■ We disagree with McJunkin's contention that the Tax Commissioner's administrative decision completely ignores express statutory language. "Interpretations of statutes by bodies charged with their administration are given great weight unless clearly erroneous." Syllabus point 4, *Security National Bank & Trust Co. v. First W.Va. Bancorp, Inc.*, 166 W.Va. 775, 277 S.E.2d 613 (1981), *appeal dismissed*, 454 U.S. 1131, 102 S.Ct. 986, 71 L.Ed.2d 284 (1982). We find that the Tax Commissioner's thorough analysis of W.Va.Code § 11–24–6(d) (1988) is clear, unambiguous, and entitled to deference from this Court.

First, the Tax Commissioner discusses the differences in the "old law" found at W.Va. Code § 11–24–6(d) and the "new law" after this section was amended in 1988. Significantly, the title of the statute formerly at W.Va.Code § 11–24–6(d) was "Adjustment resulting from recomputation of net operating loss deduction." This statute, which was in effect until the 1988 amendment, stated:

> d. *Adjustment resulting from recomputation of net operating loss deduction.*—In determining the West Virginia taxable income of a corporation entitled to a net operating loss deduction for the taxable year for federal income tax purposes, there shall be added to or subtracted from federal taxable income the amount of an adjust-

ment reflecting a recomputation of such net operating loss deduction in which the adjustments required by subsections (b) and (c) are made for each taxable year involved in the computation of such net operating loss deduction.

The Tax Commissioner explains: "[T]he Old Law recognized a federal NOL deduction in determining West Virginia taxable income, provided the amount of the federal NOL deduction was adjusted to reflect a recomputation in accordance with the increasing and decreasing modifications required by W.Va. Code 11–24–6(b) and (c)." The "old law" required taxpayers to have a federal NOL to be able to carry it over for state tax purposes, but this requirement was eliminated by the 1988 amendment to subsection (d). West Virginia Code § 11–24–6(d) was completely rewritten, and its new title was "Net operating loss deduction."

The Tax Commissioner emphasizes that amended subsection (d) must be examined in its entirety in order to determine the meaning of the contested language in W.Va.Code § 11–24–6(d) (1988). The first clause, "Except as otherwise provided in this subsection," tells taxpayers there are exceptions to the amended statute. The statute then refers to the NOL deduction and states:

> . . . there shall be allowed as a deduction for the taxable year an amount equal to the aggregate of (1) the West Virginia net operating loss carryovers to such year plus (2) the net operating loss carrybacks to such year. For purposes of this subsection, the term "West Virginia net operating loss deduction" means the deduction allowed by this subsection, determined in accordance with section 172 [26 U.S.C. § 172] of the Internal Revenue Code of 1986, as amended.

Thus, the Tax Commissioner explains that a federal NOL is no longer adjusted and recomputed to determine West Virginia taxable income, because, "[t]he amendments create a NOL deduction independent of a federal NOL."

Next, W.Va.Code § 11–24–6(d)(1) (1988) contains two "special rules," which are followed by subsection (d)(2), with its contested language regarding the effective date. The first independent clause in this subsection states: "The provisions of this subsection (d),

as amended by this act [Acts 1988, c. 119], shall apply to all taxable years ending after the thirtieth of June, one thousand nine hundred eighty-eight...." According to the Tax Commissioner, "[t]his provision tells taxpayers that they are entitled to compute a West Virginia NOL in accordance with the new rule for all tax years ending after June 30, 1988."

The second clause in subsection (d)(2) states: "The provisions of this subsection (d) as amended by this act [Acts 1988, c. 119], shall apply ... to all loss carryovers from taxable years ending on or before said thirtieth day of June." The Tax Commissioner explains that "[t]his clause informs taxpayers that loss carryovers computed under the former statute ... remain a lawful modification in computing West Virginia taxable income and are subject to the special rules of the subsection."

The Tax Commissioner rejects McJunkin's argument and concludes its analysis as follows:

> The clear meaning of the statute does not support McJunkin's position. It argues that the second clause states that all prior 1988 loss carryovers are to be recomputed in accordance with the new law. It supports its argument by reading the second clause to state "on its face that it applies to loss carryover *years* prior to June 30, 1988...." The second clause does not, on its face, apply to loss carryover years; it applies to loss carryovers from years prior to 1988. Thus, a taxpayer had to have a pre–1988 loss carryover before the second clause becomes operational. That pre–1988 loss carryover was computed in accordance with the old law.
>
> In summary, the words of the statute clearly show that the Legislature intended the new law to be applicable to all tax years ending after June 30, 1988, and that its provisions did not apply to the calculation of loss carryovers arising from tax years ending prior to June 30, 1988. Those prior year loss carryovers, calculated in accordance with the old law were, however, preserved and could be carried forward in conformity with federal tax law. Thus, the Division's application of the law mirrors the words of the statute. In contrast, McJunkin's application of the statute

requires the addition of words to the law which the Legislature did not include in its amendment. Therefore, McJunkin's argument fails and the Division's position is held to be correct.

McJunkin also argues that under W.Va. Code § 11–24–6(a) and 6(d), as it existed prior to the 1988 amendments, a federal NOL was not required in order to carry back and carry forward a West Virginia NOL. The Tax Commissioner explains why McJunkin's position is incorrect:

Given that West Virginia's corporate net income tax is a conformity tax ... the term "net operating loss deduction" as used in W.Va.Code § 11–24–6(d) means the net operating loss deduction allowed by 26 U.S.C. § 172, which is allowed as a deduction for purposes of determining federal taxable income. It is the existence of a federal net operating loss which triggers the carryback and carryforward treatment of the loss.

The statute at issue does not provide for a net operating loss carryback or carryforward as a deduction for purposes of determining West Virginia taxable income. Thus, there is no statute which allows the taking of a West Virginia net operating loss carryback or carryforward arising from a West Virginia loss in a particular year.

The provisions of W.Va.Code § 11–24–6(d) do allow a federal net operating loss to be recomputed and claimed for purposes of determining West Virginia taxable income under the carryback and carryforward provisions applicable to federal net operating losses. This is the only statutory provision governing net operating losses. Accordingly, it provides authority for the Division requiring a federal net operating loss to invoke loss carryback and carryforward treatment.

The Tax Commissioner noted that McJunkin filed separate federal and West Virginia returns in accordance with 26 U.S.C. § 172 and did not have a federal NOL. McJunkin had a West Virginia NOL only after it made the prescribed section 6 adjustments. However, the previous statute provided no statutory authority for the carryback or carryforward of a West Virginia NOL.

To summarize, before its 1988 amendment, W.Va.Code § 11–24–6(d) (1972) did not allow a taxpayer to compute a net operating loss carryback or carryforward unless the taxpayer had a net operating loss for federal income tax purposes. However, W.Va.Code § 11–24–6(d) (1988), as amended, authorizes taxpayers to take a West Virginia net operating loss deduction for taxable years ending after 30 June 1988. This West Virginia net operating loss deduction can be carried back or carried forward and is not dependent upon the taxpayer having a simultaneous federal net operating loss. All loss carryovers calculated in accordance with the statute prior to the 1988 amendment are preserved and may be carried forward in conformity with federal tax law, but they are not subject to recomputation under the amended statute.

For the foregoing reasons, the 30 September 1993 order of the Circuit Court of Kanawha County is affirmed.

Affirmed.

BROTHERTON, J., did not participate.

NEELY, C.J., deeming himself disqualified, did not participate in the consideration or decision in this matter.

FOX and CANTERBURY, JJ., sitting by temporary assignment.